

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

June 18, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/20/2025
```

**BY ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    <u>U.S. v. Gonzales-Valdez et al.</u>, S1 25 Cr. 76 (MKV)

Dear Judge Vyskocil:

      The Government respectfully submits this letter to provide an update to the Court and defense counsel regarding the status of discovery. At the pretrial conference on April 30, the Government estimated that it could produce discovery—with the exception of identified data from electronic devices—by June 12. Last week, the Government advised defense counsel that the preparation of discovery had taken longer than estimated and that the Government would likely be in a position to mail discovery to the discovery coordinator this week. In the same communication, the Government advised the defense that it would be producing the same body of discovery to defendants in this case and the defendants charged in <u>United States v. Valero-Calderon</u>, 25 Cr. 41 (DLC), given the overlap between the two cases.

      The Government regrets the delay in producing discovery, but the discovery materials have proven to be far more voluminous and complicated than originally anticipated. Later this week, the Government expects to send the discovery coordinator a production of approximately 500 GB of discovery. Excluding cellphone extractions, the discovery will consist of over 37,000 files organized across over 3,200 folders. The production will include, among other things:

- A chronological folder of materials, including New York City Police Department ECMS case files, relating to approximately 19 separate incidents—including homicides, shootings, and robberies—relevant to the charged offenses (approximately 90 GB);

- A chronological folder of materials—including photographs, laboratory reports, ballistics reports, and property vouchers—relating to approximately nine law enforcement searches and/or arrests relevant to the charged offenses (approximately 3.7 GB);

Page 2

- Twenty search warrants that the Government obtained during this investigation;

- Individualized electronically stored information ("ESI") folders for the majority of the charged defendants, including Facebook, Instagram, and WhatsApp communications relevant to the charged offenses, and partial sets of identified data from certain cellphones (approximately 880 MB);

- Jail call recordings (approximately 300 MB);

- Post-arrest statements (approximately 230 MB);

- Extraction reports of twelve devices[1] seized from defendants in this case and defendants from Valero-Calderon (approximately 400 GB); and

- Criminal history and immigration records of the defendants.

This production will include nearly all of the discovery material currently in the Government's possession. For some categories of information, the Government is awaiting the receipt of additional materials from law enforcement partners before making a production. The Government continues to actively investigate Tren de Aragua and Anti-Tren and expects to obtain additional discovery that it will produce on a rolling basis.

The Government recognizes that the discovery is voluminous and has endeavored to organize materials so that defense counsel can identify the portions of discovery most directly relevant to individual defendants. The Government also recognizes that the next conference is scheduled for July 15, 2025 and that the defense will have received the discovery later than expected. Accordingly, the Government expects to consent in the event the defense seeks to adjourn the July 15 conference.

The defense will be better positioned to know whether, and for how long, it might need an adjournment after it has received the discovery. The Government respectfully proposes that, on

---

[1] The Government's responsiveness review of the twelve unlocked devices remains on-going, and partial responsive sets from some of these devices will already be included in the production to be made this week. The Government has not yet successfully unlocked an additional 11 devices for which it has obtained search warrants. The Government also continues to locate and seize additional devices as the investigation continues.

or before July 11, 2025, the parties submit another joint letter to the Court regarding the need to adjourn the conference. The defense concurs in this proposal.

>Respectfully submitted,
>
>JAY CLAYTON
>United States Attorney for the
>Southern District of New York
>
>by: ___/s/ Jun Xiang_____
>Jun Xiang / Kathryn Wheelock / Timothy Ly
>Assistant United States Attorneys
>(212) 637-2289 / -2415 / -1062

**CC (By ECF)**
All Counsel of Record

The parties shall file a joint status letter on July 11, 2025

Date: June 20, 2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge